UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KT BURGEE,<br>a/k/a Kape Teal Burgee,<br><br>Defendant. | 3:18-CR-30164-RAL<br><br>OPINION AND ORDER DENYING<br>MOTION TO DISMISS INDICTMENT |

The Sex Offender Registration and Notification Act (SORNA) requires people who have been convicted of certain "sex offenses" to periodically register in the jurisdiction where they reside. 34 U.S.C. §§ 20911(1), 20913–20914. Defendant KT Burgee pleaded guilty in state court to sexual exploitation of a minor and received a suspended sentence. Docs. 27-1, 27-3. Burgee allegedly failed to register as a sex offender and was later indicted by a federal grand jury for failing to register as a sex offender in violation of 18 U.S.C. § 2250. Doc. 1. Burgee moved to dismiss the indictment, arguing that his state conviction does not qualify as a "sex offense" under SORNA and that the relevant definition of a "sex offense" is void for vagueness. Doc. 26. This Court denies Burgee's motion because a jury must determine whether his prior conviction is a "sex offense" and a decision on Burgee's vagueness argument would be premature.

I.    **Background**

Burgee was charged in state court with sexual exploitation of a minor under South Dakota Codified Law (SDCL) § 22-22-24.3. That statute reads in relevant part:

> A person is guilty of sexual exploitation of a minor if the person causes or knowingly permits a minor to engage in an activity or the simulation of an activity that:
>    (1) Is harmful to minors;
>    (2) Involves nudity; or
>    (3) Is obscene.
> Consent to performing these proscribed acts by a minor or a minor's parent, guardian, or custodian, or mistake as to the minor's age is not a defense to a charge of violating this section.

SDCL § 22-22-24.3. Burgee's information cited to SDCL § 22-22-24.3(2) but seemed to concern § 22-22-24.3(1), alleging that Burgee "did cause or knowingly permit a minor to engage in an activity or the simulation of an activity that is harmful to minors." Doc. 27-2.

Burgee pleaded guilty to the offense in June 2014. Doc. 27-3. He had the following exchange with the state judge about the factual basis for his plea:

> THE COURT: Mr. Burgee, back on March 17th, did you have contact with an individual who was under the age of 16?
> [BURGEE]: Yes, Your honor.
> THE COURT: And was that contact without the permission of that individual?
> ([Burgee] conferred with counsel.)
> [BURGEE]: No, Your Honor.
> THE COURT: It was not without the consent of the individual?
> [BURGEE]: Yes.
> THE COURT: But you knew this individual was not of age; is that correct?
> [BURGEE]: At the time I didn't.
> THE COURT: Ms. Kloeppner.[1]
> MS. KLOEPPNER: I can fill in some blanks, Your Honor.
> THE COURT: Please.
> MS. KLOEPPNER: The Information in this case alleges that he permitted a minor to engage in an activity or the simulation of an activity that is harmful to minors. In this case Mr. Burgee had contact with a minor. The evidence in this case, the forensic evidence showed that his DNA was found on her neck and his DNA was found in her underwear. I think that would provide the factual basis.
> THE COURT: Do you deny that?
> [BURGEE]: No, your honor.

---

[1] Ms. Kloeppner was the prosecutor in state court.

Doc. 27-3 at 3. In August 2014, the state judge gave Burgee a suspended sentence of two years' imprisonment and ordered that he register as a sex offender "pursuant to South Dakota law." Doc. 27-1.

Over four years later, a federal grand jury indicted Burgee in this case for failing to register as a sex offender. Doc. 1. The indictment alleges that Burgee was required to register under SORNA "by reason of a conviction under state law." Doc. 1. The parties agree that Burgee's 2014 conviction for sexual exploitation of a minor is the conviction referenced in the indictment, and both parties have filed documents concerning this conviction. Burgee filed the information, the transcript from his change of plea hearing, and the judgment of conviction. The government filed police and lab reports as well as sex offender registration forms Burgee completed. According to the police report, the victim of Burgee's conviction was a fourteen-year-old girl who said that Burgee had raped her during a party at her mother's house. Doc. 28-3 at 1, 4. The girl told a forensic interviewer that Burgee had entered the bedroom where she was sleeping, stripped off her clothes, and forced his penis into her vagina. Doc. 28-2 at 4. The lab reports the government submitted state that semen was detected on the victim's panties as well as her vaginal and anal/perineum swabs. Doc. 28-3 at 1. DNA obtained from the sperm in the victim's panties matched the DNA profile obtained from Burgee.[2] Doc. 28-3. The sex-offender registration forms the government submitted show that Burgee registered eleven times between August 27, 2014 and August 5, 2016. Docs. 28-5 through 28-15.

## II. Analysis

---

[2]The lab report stated that the "probability of selecting an unrelated individual at random having a DNA profile that would match the partial DNA profile obtained from the sperm cell fraction [obtained from the panties] is approximately 1 in 70 million." Doc. 28-3 at 4.

## A. Burgee's Argument That He is Not Required to Register Under SORNA

Congress enacted SORNA to protect the public from child predators and sexually violent criminals by ensuring that these individuals register as sex offenders. 34 U.S.C. § 20901; Reynolds v. United States, 565 U.S. 432, 435 (2012). To this end, § 2250 makes it a crime for a person who "is required to register under [SORNA]" and resides in Indian country to "knowingly" fail to register as a sex offender or update certain information. 18 U.S.C. § 2250. Burgee argues that the indictment should be dismissed because his state conviction does not trigger SORNA's registration requirement. This argument turns in large part on SORNA's definition of a "sex offense."

SORNA requires Burgee to register only if he is a "sex offender." 34 U.S.C. § 20913(a). A "sex offender," in turn, is defined as "an individual who was convicted of a sex offense." Id. § 20911(1). The issue here, then, is whether Burgee's state court conviction qualifies as a "sex offense" under SORNA. SORNA defines "sex offense" broadly. Section 20911(5), which is entitled "Amie Zyla expansion of sex offense definition," states that the term "sex offense" means, among other things, "(ii) a criminal offense that is a specified offense against a minor." Id. § 20911(5)(A)(ii). SORNA further defines the phrase "specified offense against a minor" in § 20911(7), which is aptly entitled "Expansion of definition of 'specified offense against a minor' to include all offenses by child predators." Id. § 20911(7). Section 20911(7) states:

> The term "specified offense against a minor" means an offense against a minor that involves any of the following:
>
> (A) An offense (unless committed by a parent or guardian) involving kidnapping.
> (B) An offense (unless committed by a parent or guardian) involving false imprisonment.
> (C) Solicitation to engage in sexual conduct.
> (D) Use in a sexual performance.
> (E) Solicitation to practice prostitution.
> (F) Video voyeurism as described in section 1801 of Title 18.
> (G) Possession, production, or distribution of child pornography.

    (H) Criminal sexual conduct involving a minor, or the use of the
         Internet to facilitate or attempt such conduct.
    (I)  Any conduct that by its nature is a sex offense against a minor.

Id. Burgee argues that subsection (I) is the only potentially applicable definition while the government contends that Burgee's prior conviction falls within subsection (H) and (I). Because Burgee's motion can be resolved under § 20911(7)(I), this Court focuses on the definition in that subsection.

        The parties disagree over how to decide whether Burgee's state conviction involved "conduct that by its nature is a sex offense against a minor." Burgee advocates for the "categorical approach," under which courts consider the statutory definition of the crime of conviction but ignore the underlying facts.[3] See United States v. Hill, 820 F.3d 1003, 1005 (8th Cir. 2016). The government, on the other hand, argues that this Court must apply a "circumstance-specific approach." Under that approach, courts may "examine the 'particular circumstances in which an offender committed the crime on a particular occasion.'" Id. (quoting Moncrieffe v. Holder, 569 U.S. 184, 202 (2013)).

        The Eighth Circuit in Hill held that the circumstance-specific approach governs whether a prior offense constitutes "conduct that by its nature is a sex offense against a minor." Id. Looking to the text of § 20911(7)(I), the Eighth Circuit concluded that this subsection "manifestly invites an examination of the specific conduct in which the defendant engaged." Hill, 820 F.3d at 1005. This conclusion was supported, the Eighth Circuit reasoned, by SORNA's purpose. Id. After all,

---

[3]This Court uses "categorical approach" here to refer to both the categorical and modified categorical approach. After all, the modified approach "merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute." Descamps v. United States, 570 U.S. 254, 263 (2013). The modified categorical approach allows courts to consult a limited universe of documents to determine which of the predicate offense's alternative elements formed the basis of the defendant's conviction. Id. at 261–63.

Congress passed SORNA to protect children from sex offenders, and it used broad terms to encompass "as many offenses against children as possible." Id. at 1005–06 (quoting United States v. Dodge, 597 F.3d 1347, 1355 (11th Cir. 2010) (en banc)). SORNA's "intended breadth," the Eighth Circuit explained, was illustrated by the headings for the subsection defining a "sex offense"—"Amie Zyla expansion of sex offense definition"—and the subsection defining the term "specified offense against a minor"— "Expansion of definition of 'specified offense against a minor' to include all offenses by child predators." Id. at 1006.

Other circuits have also concluded that § 20911(7)(I) calls for a circumstance-specific approach. United States v. Price, 777 F.3d 700, 708–09 (4th Cir. 2015) (holding that the circumstance-specific approach applies to § 20911(7)(I)); Dodge, 597 F.3d at 1353–56 (same); United States v. Mi Kyung Byun, 539 F.3d 982, 991–92 (9th Cir. 2008) (concluding that the noncategorical approach applies to determine the age of the victim under § 20911(7)(I)). The Eighth Circuit in Hill cited Price, Dodge, and Byun with approval when deciding that the circumstance-specific approach governs whether a prior offense involved "conduct that by its nature is a sex offense against a minor." Hill, 820 F.3d at 1005.

Burgee acknowledges that the Eighth Circuit has applied the circumstance-specific approach, but argues that the Supreme Court's recent decision in Sessions v. Dimaya, 138 S. Ct. 1204 (2018), "casts doubt" on Hill. Decisions by the Eighth Circuit, however, are binding on district courts within its territory "until overruled by [the] court en banc, by the Supreme Court, or by Congress." M.M. ex rel. L.R. v. Special Sch. Dist. No. 1, 512 F.3d 455, 459 (8th Cir. 2008); see also Eulitt ex rel. Eulitt v. Maine, Dep't of Educ., 386 F.3d 344, 349 (1st Cir. 2004) ("Until a court of appeals revokes a binding precedent, a district court within the circuit is hard put to ignore that precedent unless it has unmistakably been cast into disrepute by supervening authority.");

Hood v. United States, 342 F.3d 861, 864 (8th Cir. 2003) (explaining that the district court was bound to apply Eighth Circuit precedent). The case on which Burgee relies, Dimaya, did not concern SORNA, but rather involved the definition of a "crime of violence" in 18 U.S.C. § 16. That provision states in relevant part that a "crime of violence" means: "(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). In Dimaya, a plurality of the Supreme Court cited to the phrase "by its nature" in § 16(b) when concluding that this subsection requires a categorical approach. Dimaya, 138 S. Ct. at 1217. The Court stated:

> Our decisions have consistently understood language in the residual clauses of both [the Armed Career Criminal Act] and § 16 to refer to "the statute of conviction, not to the facts of each defendant's conduct." Simple references to a "conviction," "felony," or "offense," we have stated, are "read naturally" to denote the "crime as *generally* committed." And the words "by its nature" in § 16(b) make that meaning all the clearer. The statute, recall, directs courts to consider whether an offense, *by its nature*, poses the requisite risk of force. An offense's "nature" means its "normal and characteristic quality." So § 16(b) tells courts to figure out what an offense normally—or, as we have repeatedly said, "ordinarily"—entails, not what happened to occur on one occasion.

Dimaya, 138 S. Ct. at 1217–18 (plurality opinion) (internal citations omitted). This discussion in Dimaya cannot be read as overruling Hill. Indeed, the text of § 16(b) is different from the text of § 20911(7)(I); § 16(b) focuses on the nature of the "offense" whereas § 20911(7)(I) focuses on the nature of the "conduct." It was § 20911(7)(I)'s reference to the "conduct" underlying a prior conviction, along with SORNA's purpose and the titles of the relevant subsections, that drove the Eighth Circuit's decision in Hill. Dimaya does not undermine this rationale to such a degree that this Court can ignore Hill's holding.

Burgee also argues that this Court must apply the categorical approach to avoid violating his Sixth Amendment rights. The government did not respond to this argument. The Fifth and Sixth Amendments guarantee Burgee's right to have a jury decide every element of the crime with which he is charged. United States v. Gaudin, 515 U.S. 506, 509–11 (1995). An "element" for Sixth Amendment purposes includes any fact, other than a prior conviction, that increases the statutory maximum or minimum sentence. Alleyne v. United States, 570 U.S. 99, 103, 111 n.1 (2013). The Sixth Amendment's requirement that every element of a crime be submitted to a jury is one reason the Supreme Court has used the categorical approach in the sentencing context. Descamps v. United States, 570 U.S. 254, 267, 269 (2013). The Supreme Court, for instance, has applied the categorical approach to a statute that imposes a mandatory penalty if a sentencing judge finds that the defendant has three prior convictions for a "violent felony." See 18 U.S.C. § 924(e); Descamps, 570 U.S. at 257. The categorical approach limits the judge's inquiry to the elements of the prior convictions rather than the circumstances underlying them, and thus protects a defendant's right to have a jury decide every fact or "element" that could increase his sentence. Descamps, 570 U.S. at 267, 269. As the Supreme Court recognized in Descamps, however, any judicial fact-finding that goes beyond simply identifying a prior conviction through the categorical or modified categorical approach "would (at the least) raise serious Sixth Amendment concerns." Id. at 269. These concerns, the Supreme Court explained, militate against "allowing a sentencing court to make a disputed determination about what the defendant and state judge must have understood as the factual basis of the prior plea." Id. (cleaned up) (quoting Shepard v. United States, 544 U.S. 13, 25 (2005) (plurality opinion)). Burgee argues that these same Sixth Amendment concerns require this Court to apply the categorical approach to determine whether his prior conviction involved "conduct that by its nature is a sex offense against a minor."

The Fourth Circuit rejected this argument in Price. It reasoned that the circumstance-specific approach did not raise any Sixth Amendment concerns because the defendant was still "entitled to go to trial and have a jury determine beyond a reasonable doubt whether his [prior] conviction was for a sex offense under SORNA."[4] Price, 777 F.3d at 710. Had the defendant gone to trial, the Fourth Circuit reasoned, the jury would have considered the facts underlying the defendant's prior conviction "and then decided whether that evidence satisfied SORNA's definition of a 'sex offense.'" Id. The Fourth Circuit's holding finds support in the Supreme Court's approach to statutes that require more than a simple review of the elements of a prior offense. See Nijhawan v. Holder, 557 U.S. 29, 40 (2009) (dismissing Sixth Amendment concerns over a circumstance-specific approach to determining loss under a deportation statute because a jury would need to determine loss in a subsequent prosecution for illegal reentry); United States v. Hayes, 555 U.S. 415, 426 (2009) (holding that a predicate offense under 18 U.S.C. § 922(g)(9) did not need to have a domestic relationship as an element but noting that the government would need to "prove beyond a reasonable doubt" that the victim of the predicate offense had the specified domestic relationship to the defendant).

According to Burgee, however, the issue of whether a prior conviction is a "sex offense" is a question of law, at least in the Eighth Circuit. He cites Hill, the Eighth Circuit model jury instruction for § 2250, and this Court's decision in United States v. Marrowbone, 102 F. Supp. 3d 1101 (D.S.D. 2015), in support. These sources do not establish that a court must decide whether a prior conviction involved any conduct that by its nature is a sex offense against a minor.

First, the main issue in Hill was whether the categorical or the circumstance-specific approach applied to § 20911(7)(I). See Hill, 820 F.3d at 1005. Although the Eighth Circuit went

---

[4]The defendant in Price waived that right by pleading guilty. Price, 777 F.3d at 710.

9

on to consider the circumstances underlying the defendant's prior conviction, nothing indicates that the defendant disputed that his actual conduct (as opposed to the limited documents he argued the court could consider) established that he committed a sex offense. See Appellant's Br., 2015 WL 7076740; Appellant's Reply Br., 2015 WL 8732056. More importantly, the defendant in Hill had pleaded guilty,[5] thereby waiving his Sixth Amendment right to have a jury determine every element of the crime. See Price, 777 F.3d at 710 (explaining that the defendant, by pleading guilty, had forfeited his right to have a jury decide whether his prior conviction qualified as a sex offense under § 20911(7)(I)). Indeed, the plea agreement in Hill stated that the defendant understood that he was waiving the right "to have a speedy and public trial by jury." United States v. Hill, 5:15-cr-50014-TLB, Doc. 19 at 4. Thus, there was no concern that the Eighth Circuit would violate the defendant's Sixth Amendment right by considering the circumstances underlying his prior conviction. See United States v. Moreno-Morillo, 334 F.3d 819, 826 (9th Cir. 2003) (explaining that a defendant cannot waive his right to a jury trial and then complain on appeal that his right to such a trial was violated).

Second, the Eighth Circuit model instruction on § 2250 does not require this Court to decide whether Burgee's prior conviction was a sex offense. True, the "Notes on Use" to this instruction state that "[w]hether a specific prior offense qualifies as a 'sex offense' under SORNA is a legal question for the district court." Eighth Circuit Manual of Model Jury Instructions 6.18.2250. But the only support the model instruction cites for this proposition is United States v. Jenkins, 792 F.3d 931 (8th Cir. 2015), a case considering 18 U.S.C. § 922(g). See Jenkins, 792 F.3d at 935 ("Whether a particular conviction qualifies as a predicate felony for the purpose of

---

[5]The defendant in Hill entered a conditional plea, reserving the right to appeal the district court's denial of his motion to dismiss the indictment. 820 F.3d at 1004.

§ 922(g) is a question of law for the district court." (citation omitted)). Section 922(g) and SORNA are not comparable, and the statement in Jenkins therefore has little relevance to whether § 20911(7)(I) presents a question of law or a question for the jury. In any event, the Eighth Circuit model instructions, while often helpful, are not binding on district courts. United States v. Sparkman, 500 F.3d 678, 684 (8th Cir. 2007).

Third, this Court's decision in Marrowbone can be distinguished. In an opinion issued in the Marrowbone case, this Court stated that it was a legal issue whether assault with intent to commit rape qualified as a sex offense under SORNA. United States v. Marrowbone, No. 3:14-CR-30071-RAL, 2014 WL 6694781, at *2 (D.S.D. Nov. 26, 2014). The issue in Marrowbone, however, was whether the prior conviction, which this Court determined was essentially for attempted rape, met the definition of a sex offense in § 20911(5)(A)(v). Marrowbone, 2014 WL 6694781, at *3. This Court concluded that the relevant definitions of a sex offense required a categorical approach and did not consider the facts underlying the defendant's prior conviction. Id. at *3–4; see also United States v. Berry, 814 F.3d 192, 199 (4th Cir. 2016) (recognizing that some definitions of a "sex offense" under SORNA call for the circumstance-specific approach while others require a categorical approach). This Court never analyzed § 20911(7)(I) and the defendant never argued that a jury should decide whether he had been convicted of a sex offense. Marrowbone thus does not support Burgee's argument that whether his prior conviction meets § 20911(7)(I) presents a legal question.

To summarize, the circumstance-specific approach governs whether Burgee's prior conviction involved "any conduct that by its nature is a sex offense against a minor." Applying the circumstance-specific approach does not violate Burgee's Sixth Amendment rights because a jury will ultimately have to determine beyond a reasonable doubt whether the prior conviction falls

11

within § 20911(7)(I). Price, 777 F.3d at 710. This Court therefore denies Burgee's motion to dismiss to the extent Burgee asks this Court to apply the categorical approach and conclude that his prior conviction does not qualify as a "sex offense" under SORNA.

### B. Vagueness Challenge to § 20911(7)(I)

Burgee also argues that § 20911(7)(I) is impermissibly vague. "A statute is void for vagueness if it: (1) fails to provide a person of ordinary intelligence fair notice of what is prohibited, or (2) it is so standardless that it authorizes or encourages seriously discriminatory enforcement." United States v. Paul, 885 F.3d 1099, 1105 (8th Cir.) (citation omitted), cert. denied, 139 S. Ct. 290 (2018). Although Burgee makes both an as-applied and a facial attack on § 20911(7)(I), he acknowledges that he must show that the statute is vague "as applied to his particular conduct" to succeed. United States v. Bramer, 832 F.3d 908, 909 (8th Cir. 2016) (per curiam); see also United States v. Frison, 825 F.3d 437, 442 (8th Cir. 2016) ("We consider whether a statute is vague as applied to the particular facts at issue, for a plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." (cleaned up) (citation omitted)).

Under an as-applied challenge, courts look "to whether the statute gave adequate warning, under a specific set of facts, that the defendant's behavior was a criminal offense." United States v. Palmer, No. 18-1365, No. 18-1367, 2019 WL 1053097, at *3 (8th Cir. Mar. 6, 2019) (citation omitted). Burgee argues that the phrase "conduct that by its nature is a sex offense against a minor" is ambiguous and that it is "unclear what conduct would qualify" under § 20911(7)(I). He contends that the "evidence" is not "sufficient that [his] conviction brings him within the scope of SORNA's

residual clause or that he would know that it did." The government disagrees, arguing that Burgee's prior registration forms show that he knew he had to register under SORNA.[6]

Any ruling on Burgee's vagueness argument would be premature at this stage of the case. Burgee moved to dismiss the indictment under Rule 12(b) of the Federal Rules of Criminal Procedure, which allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Courts must decide a Rule 12(b) motion before trial unless there is "good cause to defer a ruling" and deferring the ruling will not "adversely affect a party's right to appeal." Fed. R. Crim. P. 12(d). As the Supreme Court has explained, however, Rule 12(b) authorizes pretrial resolution of a motion to dismiss only when "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." United States v. Covington, 395 U.S. 57, 60 (1969); see also United States v. Turner, 842 F.3d 602, 605 (8th Cir. 2016).

The rationale for this Rule includes preventing courts from making factual findings on issues that relate to the jury's decision on the merits, the need for a more accurate record, and concerns about judicial economy. See United States v. Pope, 613 F.3d 1255, 1259 (10th Cir. 2010). Thus, for instance, the Eighth Circuit found good cause to defer ruling on the motion to dismiss in Turner because the defendant's as-applied constitutional challenge required the district court to resolve factual issues related to the defendant's alleged offense. 842 F.3d at 605 (holding that the district court should have waited until trial to resolve the motion to dismiss the indictment). Similarly, the Tenth Circuit in Pope affirmed the pretrial denial of a motion to dismiss because the defendant's as-applied constitutional challenge was intertwined with the question of guilt or

---

[6]The only court of appeals to consider the issue held that § 20911(7)(I) is not vague. United States v. Schofield, 802 F.3d 722, 730–31 (5th Cir. 2015) (per curiam).

innocence and would have required the district court to resolve factual disputes. 613 F.3d at 1261–62.

Turner and Pope counsel against deciding Burgee's vagueness challenge before trial. First, Burgee's motion raises questions of fact that are intertwined with the merits of the § 2250 charge. See Turner, 842 F.3d at 605 (explaining that courts may not make factual findings "when an issue is inevitably bound up with evidence about the alleged offense itself" (citation and internal marks omitted)). The government must show that Burgee has been convicted of a "sex offense" to meet the first element of § 2250. See 18 U.S.C. § 2250(a); 34 U.S.C. §§ 20911(1), 20913(a).

As explained already, deciding whether Burgee has been convicted of a sex offense will require the jury to consider the facts underlying Burgee's prior conviction and then determine whether it involved "[a]ny conduct that by its nature is a sex offense against a minor." § 20911(7)(I). Burgee's as-applied challenge asks this Court to consider these same issues. After all, he argues that the "evidence" surrounding his prior conviction falls short of establishing that the conviction comes within § 20911(7)(I) or that he should have known it did. And an as-applied challenge like Burgee's asks "whether the statute gave adequate warning, *under a specific set of facts*, that the defendant's behavior was a criminal offense." Palmer, 2019 WL 1053097, at *3 (emphasis added). To rule on Burgee's motion, then, this Court would need to resolve facts that are bound up with the jury's decision on the § 2250 charge, namely what conduct Burgee actually engaged in with the victim of his prior conviction. In addition, this Court needs a "more certain framework" to analyze Burgee's vagueness argument. Pope, 613 F.3d at 1259 (citation omitted). The indictment does not contain any facts about Burgee's prior conviction and the parties have not stipulated to any such facts. Instead, the government has submitted documents concerning the prior conviction, some of which raise obvious hearsay concerns. Under these circumstances, a

trial on the "facts surrounding the commission of the alleged offense" would assist this Court in ruling on Burgee's challenge. Because good cause exists to defer ruling on Burgee's vagueness argument, this Court denies Burgee's motion to dismiss without prejudice to Burgee renewing the motion or making the argument in the context of a Federal Rule of Criminal Procedure Rule 29 motion once the government has introduced the relevant evidence at trial.[7]

## III.    Conclusion

For the reasons stated above, it is hereby

ORDERED that Burgee's Motion to Dismiss Indictment, Doc. 26, is denied. This denial is without prejudice to Burgee renewing his as-applied vagueness challenge to § 20911(7)(I).

DATED this 25th day of March, 2019.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

---

[7]This Court recognizes that Rule 12(d) permits courts to "defer" ruling on a motion to dismiss when good cause exists. As another district court explained, however, it is preferable to deny such a motion without prejudice, "since a motion to dismiss that depends upon the resolution of facts at trial is a contradiction in terms." United States v. Poulin, 588 F. Supp. 2d 58, 61 n.2 (D. Me. 2008); see also Pope, 613 F.3d at 1257 (affirming denial of pretrial motion to dismiss where resolution of the motion before trial was not appropriate).