## UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH DAKOTA

## CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**K.T. BURGEE, a/k/a KT HIGH ELK,**<br><br>**Defendant.** | **3:18-cr-30164-RAL**<br><br><br>**OPINION & ORDER HOLDING REVOCATION VIOLATIONS IN ABEYANCE** |

     In this supervised release revocation case, the question before the Court is whether it can and should hold in abeyance the revocation hearing until the indicted federal law violation alleged, as a partial basis for non-compliant behavior, is resolved. The Court answers this question in the affirmative.

### BACKGROUND

     In 2019, a district judge convicted KT Burgee a/k/a KT High Elk ("High Elk") of failure to register as a sex offender after a court trial.[1] The judge sentenced High Elk to 21 months of imprisonment and 5 years of supervised released.[2] High Elk's supervision

---

[1] Docket No. 47.
[2] Docket Nos. 68, 72.

began on May 22, 2020.[3] 26 months later, a federal grand jury indicted High Elk, charging him with aggravated sexual abuse.[4] Revocation petitions followed.[5] The last one included a law violation allegation based on High Elk's new federal indictment.[6] The violation alleged that High Elk violated federal law by committing the aggravated sexual abuse offense charged in the indictment.[7]

The Court found probable cause to believe High Elk had violated conditions of his supervised release and bound all five of the alleged violations over for a revocation hearing.[8] The Court also granted the government's oral motions to amend the revocation petition again to correct the date of the indicted law violation and the maximum penalty High Elk faced if he was revoked.[9] The government requested that the indicted violation, for which High Elk is awaiting trial, be held in abeyance until his sexual abuse charge is adjudicated.[10] High Elk objected, asserting that he had the right to a prompt revocation hearing before his criminal case proceeds to trial.[11] Right now, High Elk is in custody in that case and his trial is scheduled to begin on July 30, 2024.[12]

---

[3] Docket No. 89 at 1.
[4] 3:22-cr-30069-RAL, Docket No. 1.
[5] Docket Nos. 84, 88, 89.
[6] Docket No. 89.
[7] *Id.* ¶ 5.
[8] Docket No. 100.
[9] Docket Nos. 104, 105.
[10] *Id.*
[11] Docket Nos. 103, 105.
[12] 3:22-cr-30069, Docket Nos. 5, 6, 16.

## DISCUSSION

### A.  Rule 32.1 Does Not Apply

Rule 32.1 of the Federal Rules of Criminal Procedure requires that a court "hold the revocation hearing within a reasonable time in the district having jurisdiction."[13] The Rule's reasonable time requirement, however, "appl[ies] only to those individuals in custody solely for the violation of probation or supervised release."[14] High Elk is not being held exclusively for his violations of supervised release. He is also detained on the aggravated sexual abuse charge. "Rule 32.1 exists to protect the [supervised releasee] from undue federal incarceration and to protect the [releasee's] ability to defend the violation allegations."[15] Because of High Elk's pending federal charge, the Rule—and its timing provisions—have no application here.[16]

### B.  Delaying the Hearing until After Resolution of the Criminal Charge is Neither Unreasonable nor Prejudicial

Yet even if Rule 32.1 applies to the situation at hand, staying High Elk's revocation hearing until after a verdict, change of plea, or disposal of the criminal case is reasonable under the circumstances.

---

[13] Fed. R. Crim. P. 32.1(b)(2).

[14] *United States v. Pardue*, 363 F.3d 695, 697-98 (8th Cir. 2004) (citing *United States v. Sackinger*, 704 F.2d 29, 30 (2d Cir. 1983)).

[15] *Id.* at 698.

[16] *See United States v. Jackson*, 358 F. App'x 755, 757 (8th Cir. 2009); *United States v. Rupp*, No. CR04-4025-MWB, 2017 WL 396544, at *2 (N.D. Iowa Jan. 30, 2017).

Reasonableness is protean. What is reasonable in one instance might not be in another.[17] In High Elk's case, delaying the revocation hearing for a short period—a couple of months—is not objectively unreasonable. It is judicious to wait for an adjudication of the federal charge before proceeding with the revocation hearing.[18] Although it is not necessary that High Elk be found guilty of the counterpart criminal charge to revoke his release, it makes sense to wait for the adjudication of that charge because it may be relevant in the revocation proceeding.[19] And putting off the revocation hearing until early August 2024 (three months from the probable cause finding)[20] is reasonable and satisfies Rule 32.1's time mandate.[21]

At any rate, High Elk has made no showing that he will be prejudiced if his revocation hearing is postponed.[22] The government intends to request that High Elk be sentenced under 18 U.S.C. § 3583(k) if he is found to have committed the sexual abuse offense alleged in the petition.[23] A court though can only sentence him under that statute

---

[17] *See United States v. Pagan-Rodriguez*, 600 F.3d 39, 42 (1st Cir. 2010).

[18] *See United States v. Poellnitz*, 372 F.3d 562, 571 (3d Cir. 2004).

[19] *Id.*

[20] *See* Docket No. 105 (reflecting probable cause determination being made on May 8, 2024).

[21] *See* Advisory Committee Notes to Rule 32.1 (1979 Addition) (ordinarily, period for holding revocation hearing under Rule 32.1 "will be measured from the time of the probable cause finding (if a preliminary hearing was held) . . ."); *see also United States v. Blunt*, 680 F.2d 1216, 1218 (8th Cir. 1982) (revocation hearing held ten months after defendant pled guilty to charge was within reasonable time).

[22] *See United States v. Torres-Santana*, 991 F.3d 257, 264 (1st Cir. 2021) (to justify relief for delayed revocation hearing, defendant must show delay was "unreasonable and prejudicial"); *United States v. Santana*, 526 F.3d 1257, 1260 (9th Cir. 2008) (requiring showing of "both unreasonable delay and prejudice").

[23] Docket No. 104 at 2-3.

after he has been convicted of a new sex offense.[24] So a revocation hearing at this point—before guilt is decided on the forced sex act High Elk is charged with—would be futile.

What's more, deferring the revocation hearing until after the trial in High Elk's sex case would not keep him in custody any longer than he would be otherwise because he is separately detained in that case.[25] High Elk does not claim that a post-trial suspension of the hearing would impair his ability to contest the violations alleged or cause him unusual or specific anxiety as a result of being kept in legal limbo.[26] As a convicted supervised releasee, he does not have the full panoply of rights in his revocation case that are available to him in his criminal prosecution.[27] And those that he does have—under the Due Process Clause—would not be infringed by a transitory pause in holding the hearing.[28]

---

[24] *Compare United States v. Haymond*, 588 U.S. 634, 637, 656 (2019) (holding § 3583 unconstitutional as applied under Sixth Amendment right to jury trial where defendant subject to SORNA and found by judge to have committed new pornography offense while on release for prior like offense) *and id.* at 659 (Breyer, J. concurring) (because "§ 3583(k) more closely resembles punishment of new criminal offenses," without granting defendant jury trial right, "a jury must find facts that trigger the mandatory minimum prison term") *with United States v. Shakespeare*, 32 F.4th 1228, 1229-31, 1239 (10th Cir. 2022) (finding § 3583(k) constitutional as applied to defendant subject to SORNA and convicted of new sex offense while on supervised release for prior sex offense).

[25] *See United States v. Oidac*, 486 F. App'x 318, 323-24 (3d Cir. 2012) (citing *Barker v. Wingo*, 407 U.S. 514, 532 (1972)).

[26] *See id.*

[27] *See Morrissey v. Brewer*, 408 U.S. 471, 480 (1972); *see also United States v. Watters*, 947 F.3d 493, 498 (8th Cir. 2020) (Supreme Court did not "transplant" entire body of jury-trial jurisprudence into supervised release context).

[28] *See Morrissey*, 408 U.S. at 488 ("A lapse of two months . . . would not appear to be unreasonable."); *Santana*, 526 F.3d at 1260-61 (four-month delay did not violate defendant's due process rights or his rights under Rule 32.1); *Blunt*, 680 F.2d at 1218 (ten-month delay upheld where defendant had new law violation that impacted court's ability to conduct revocation hearing).

## CONCLUSION

Rule 32.1's directive that a revocation hearing be held "within a reasonable time" does not apply to High Elk because he is presently in custody on a federal charge that is, in part, the basis for his revocation of supervised release.

But if the Rule does apply, postponing High Elk's revocation hearing, until after his criminal charge is settled, would not be unreasonable or prejudice him.

## ORDER

Overruling High Elk's objection to delaying the revocation hearing, the Court grants the government's oral motion or request to hold the hearing in abeyance pending resolution of High Elk's criminal charge in 3:22-cr-30069-RAL. And all five of the alleged violations of the second amended revocation petition[29] will be held in suspense, not just alleged violation number four (involving the aggravated sexual abuse offense set for trial next month).

## NOTICE

A party may seek reconsideration of this order before a district judge upon a showing that the order is "clearly erroneous or contrary to law."[30] The parties have 14 days after service of the order to file written objections unless an extension of time for

---

[29] Docket No. 89.
[30] 28 U.S.C. § 636(b)(1)(A).

good cause is obtained.[31] Failure to file timely objections will result in the waiver of a party's right to appeal questions of fact.[32] Objections must be specific to trigger review.[33]

DATED this 4th day of June, 2024.

BY THE COURT:

**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

---

[31] *See* Fed. R. Crim. P. 59(a).

[32] *Id.*

[33] *See Thompson v. Nix*, 897 F.2d 356, 357-58 (8th Cir. 1990); *Nash v. Black*, 781 F.2d 665, 667 & n.3 (8th Cir. 1986).